# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| DAVID GUERRERO,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIBER HOME LOANS, INC., et al.,<br><br>    Defendants. | Case No.  16-cv-01519-BLF<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>[ECF 12] |

Plaintiff David Guerrero seeks remand of this suit to state court, claiming absence of diversity jurisdiction. For the reasons discussed below, Plaintiff's motion to remand and request for attorney's fees is DENIED. The hearing scheduled for September 8, 2016 is VACATED. *See* Civ. L.R. 7-1(b).

**I.   BACKGROUND**

Plaintiff David Guerrero filed the present action in state court on February 26, 2016, alleging nine separate causes of action for breach of contract, promissory estoppel, breach of implied covenant of good faith and fair dealing, violations of California's non-judicial foreclosure statute, unfair business practices, cancellation of Trustee's Deed Upon Sale, and to quiet title. *See* Notice Ex. A, ECF 1.[1] Defendants Caliber Home Loans, Inc. ("Caliber") and Ocwen Loan Servicing, LLC ("Ocwen") removed the action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. ECF 1.

Plaintiff now brings a Motion to Remand contending removal was improper because there is no complete diversity and that the amount in controversy is more likely than not less than the

---

[1] Plaintiff also filed a First Amended Complaint in this Court asserting the same causes of action. ECF 22.

1  requisite $75,000. ECF 12. Guerrero alleges that complete diversity is lacking, arguing that
2  Defendants "should be deemed California citizens through their significant activities in
3  California." Mot. 3, ECF 12. Regarding the amount-in-controversy requirement, Guerrero claims
4  it is more likely than not that the amount in controversy in this case will not exceed $75,000
5  because the entire loan amount or home value is not in controversy. *Id.* at 6. Plaintiff also claims
6  that he is entitled to attorney's fees. *Id.* at 7. Caliber filed an opposition to Plaintiff's motion to
7  remand, which Ocwen joined. ECF 16, 17. Guerrero did not file a reply in support of his motion.

## II. LEGAL STANDARD

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). Any doubts as to removability should be resolved in favor of remand. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

If at any time before final judgment it appears that a district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. 28 U.S.C. § 1447(c). Federal courts have diversity jurisdiction only where there is complete diversity of citizenship—no plaintiff is a citizen of the same state as any defendant—and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *see Matao Yokeno v. Sawako Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014). Where a defendant removes an action to federal court on the basis of diversity, the burden on a plaintiff seeking remand under § 1447(c) depends on whether or not the amount in controversy is clear from the face of the complaint. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

### III. DISCUSSION

#### A. Complete Diversity Requirement

For purposes of determining diversity of citizenship, a corporation is deemed to be a citizen of the state in which it was incorporated as well as the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). "Principal place of business" refers to "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," that is, the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010). The "nerve center" is typically found at the corporation's headquarters. *Id.* at 81.

In their Notice of Removal, Defendants claim there is complete diversity because Guerrero is a citizen of the State of California, Caliber is incorporated in Delaware with its principal place of business in Texas, and Ocwen is a Delaware corporation with its principal place of business in Florida. Notice at 2–3, ECF 1. Plaintiff does not contest this, but asks the Court to find that Defendants are California citizens because of their "significant activities in California." Mot. at 4, ECF 12. This is contrary to Supreme Court precedent. *See Daimler AG v. Bauman*, 134 S. Ct. 760 (2014); *Hertz*, 559 U.S. 77. Accordingly, the Court finds the complete diversity requirement is satisfied here.

#### B. Amount-in-Controversy Requirement

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam) (citation and internal quotation marks omitted). In an action to quiet title, "the object in litigation is the Property." *Champan v. Deustche Bank Nat'l Trust Co.,* 651 F.3d 1039, 1045 n. 2 (9th Cir.2011) (citing *Garfinkle v. Wells Fargo Bank,* 483 F.2d 1074, 1076 (9th Cir.1973)); *see also Graham v. U.S. Bank, N.A.*, No. 13-cv-01613 NC, 2013 WL 2285184, at *3 (N.D. Cal. May 23, 2013) ("In an action to enjoin a foreclosure or quiet title, the object of the litigation is the real estate itself . . . . Therefore the property is the object of the litigation and determines the amount in controversy." (citations omitted)).

Here, there is no dispute that Plaintiff obtained a loan in the amount of $303,920. Ex. A to Compl., ECF 1-1; Mot. at 7, ECF 12; Opp. at 1, ECF 16. "Although it is possible that a

3

[$303,000] loan might be secured by a property worth less than $75,000—secured, that is, by pennies on the dollar—such an arrangement is highly unlikely." *Mora v. U.S. Bank N.A.*, No. 11-6598 SC, 2012 WL 879248, at *3 (N.D. Cal. Mar. 15, 2012). Accordingly, the Court finds that Defendants have shown by a preponderance of the evidence that the Property was worth in excess of $75,000 at the time of removal. *See, e.g.*, *Suelen v. Wells Fargo Bank, N.A.*, No. C-13-002 MEJ, 2013 WL 1320697, at *2 (N.D. Cal. Apr. 1, 2013) (finding amount-in-controversy requirement satisfied in "quiet title" action where "the value of [Plaintiff's] loan is $264,000").

As the Court also concluded that the requirements for diversity jurisdiction are satisfied, the Court DENIES Plaintiff's Motion to Remand.

### C. Attorney's Fees and Costs

Plaintiff has also requested attorney's fees and costs. Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case [from federal to state court] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In interpreting this provision, the U.S. Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). For the reasons described above, the Court finds that the removing party had an objectively reasonable basis for seeking removal, and thus DENIES Plaintiff's request for attorney's fees.

**IT IS SO ORDERED.**

Dated: August 17, 2016

_____
BETH LABSON FREEMAN
United States District Judge

4