UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID GUERRERO,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIBER HOME LOANS, INC., et al.,<br><br>        Defendants. | Case No. 16-cv-01519-BLF<br><br>**ORDER GRANTING CALIBER HOME LOANS, INC.'S AND OCWEN LOAN SERVICING, LLC'S MOTIONS TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF 31, 37] |

    Plaintiff David Guerrero brings this action against Defendants Caliber Home Loans, Inc. ("Caliber") and Ocwen Loan Servicing, LLC ("Ocwen"). *See generally* First Am. Compl. ("FAC"), ECF 22. Plaintiff's FAC asserts eight causes of action: (1) breach of contract, (2) promissory estoppel, (3) breach of the implied covenant of good faith and fair dealing, (4) violation of Cal. Civ. Code § 2923.17[1], (5) violation of Cal. Civ. Code § 2923.6, (6) unfair business practices, (7) cancellation of trustee's deed upon sale, and (8) quiet title. *See generally id.* This matter comes before the Court upon motions to dismiss by the Defendants pursuant to Fed. R. Civ. P. 12(b)(6). The Court heard oral argument on the motions to dismiss on October 13, 2016. For the reasons stated on the record and below, the Court GRANTS Defendants' motions with leave to amend.

    This action arises out of a foreclosure dispute. Plaintiff alleges that he was offered a Home Affordable Modification Program ("HAMP") Trial Period Plan ("TPP"), which required him to make three specified monthly payments in order to be given a permanent loan modification under HAMP. FAC ¶ 17. Plaintiff alleges that although he timely and fully tendered the three payments required, Defendants did not permanently modify his loan. FAC ¶¶ 18–21. Instead, Plaintiff

---

[1] Although Plaintiff's fourth cause of action purports to cite California Civil Code section 2923.17, no such section exists. Because Plaintiff quotes the language of section 2924.17, the Court construes the reference to section 2923.17 as an inadvertent error.

alleges, Defendants caused a Notice of Default and a Notice of Trustee's Sale to be recorded, and Plaintiff's property was foreclosed on. FAC ¶ 24–27. Plaintiff challenges the foreclosure, and Defendants' alleged failure to modify his loan in compliance with the TPP.

All of Guerrero's claims depend upon the existence and contents of the TPP, which he contends binds Defendants. *See* FAC ¶¶ 17–23. In order to sufficiently allege the existence of a contract, (1) "the terms must be set out verbatim in the body of the complaint[, (2)] a copy of the written instrument must be attached…," or (3) "a plaintiff may plead the legal effect of the contract rather than its precise language." *Miles v. Deutsche Bank Nat'l Trust Co.*, 236 Cal. App. 4th 394, 402 (2015); *see also* 4 Witkin, Cal. Procedure, Pleading § 519 ("The other method of pleading a written contract is according to its legal effect, by alleging the making, and then proceeding to allege the substance of its relevant terms."). Here, Guerrero has not set forth verbatim the terms of the contract in the FAC and has not attached the contract to the FAC, which he admits in his opposition. *See* Opp'n 3, ECF 40 ("Plaintiff requests leave to amend to attach the TPP as an exhibit to his complaint."). This failure to attach the contract is fatal to Guerrero's claims.

Plaintiff has also inadequately pled his seventh and eighth causes of action for cancellation of trustee's deed upon sale and to quiet title. "In obtaining rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction." *Fleming v. Kagan*, 189 Cal. App. 2d 791, 796 (1961); *see also Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (1971). Additionally, a borrower may not assert "quiet title" against a mortgagee without first paying the outstanding debt on the property. *Miller v. Provost,* 26 Cal. App. 4th 1703, 1707, 33 Cal. Rptr. 2d 288, 290 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee" (citation omitted)). "[T]o maintain a quiet title claim, a plaintiff is required to allege tender of the proceeds of the loan at the pleading stage." *See Kwon v. Banc of Am. Funding 2005F Trust*, No. 14-3602-PJH, 2015 WL 400565, at *3 (N.D. Cal. Jan. 29, 2015). Despite these prerequisites, Guerrero has not alleged that he has tendered the full amount owed or that he is able to make said payment. Caliber Mot. 5, ECF 31;

Ocwen Mot. 9, ECF 37.  Instead, he argues that this Court has discretion to excuse the failure to plead tender.  Opp'n 7.  Plaintiff has failed to plead any facts to support his argument, but may do so in his amended complaint.

Finally, Guerrero's claim under Cal. Civ. Code § 2924.17 must be dismissed with prejudice.  Both Defendants addressed this claim in their motions to dismiss.  *See* Caliber Mot. 10 ("Plaintiff's factual allegations address a time period prior to that of the time during which Caliber serviced the loan. . . .  Furthermore, Plaintiff has failed to articulate a legal theory to which is robo-signing claims are relevant."); Ocwen Mot. 6–7 (detailing "numerous problems with this claim").  Plaintiff, however, failed to submit any opposition on this issue, thereby impliedly conceding the merits of Defendants' arguments.  Thus, Defendants' motions as to this claim are GRANTED WITHOUT LEAVE TO AMEND.

Accordingly, the Court GRANTS Defendants' motions to dismiss as to claims 1–3, 5–8 WITH LEAVE TO AMEND.  The Court GRANTS Defendants' motions to dismiss as to Guerrero's fourth claim WITHOUT LEAVE TO AMEND.  Plaintiff shall file a second amended complaint on or before November 14, 2016.

**IT IS SO ORDERED.**

Dated: October 14, 2016

_____
BETH LABSON FREEMAN
United States District Judge